1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SEGUNDO T. URIAS, JR.,              )  1:07-cv-01444-AWI-SMS
                                    )
              Plaintiff,            )  ORDER GRANTING PLAINTIFF'S
      v.                            )  APPLICATION FOR LEAVE TO PROCEED
                                    )  IN FORMA PAUPERIS (DOC. 2)
MICHAEL J. ASTRUE,                  )
Commissioner of Social             )  ORDER DISMISSING PLAINTIFF'S
Security,                           )  COMPLAINT WITH LEAVE TO FILE AN
                                    )  AMENDED COMPLAINT NO LATER THAN
              Defendant.            )  THIRTY DAYS AFTER THE DATE OF
                                    )  SERVICE OF THIS ORDER (DOC. 1)
_____)

      Plaintiff is proceeding with a civil action in this Court.
The matter has been referred to the Magistrate Judge pursuant to
28 U.S.C. § 636(b) and Local Rules 72-302(c)(15) and 72-304.

      I. Application to Proceed in Forma Pauperis

      Plaintiff filed an application to proceed in forma pauperis
on October 4, 2007. Plaintiff has submitted a declaration that
makes the showing required by § 1915(a). Accordingly, the request
to proceed in forma pauperis IS GRANTED. 28 U.S.C. § 1915(a).

      II. Screening the Complaint

      In cases wherein the plaintiff is proceeding in forma
pauperis, the Court is required to screen cases and shall dismiss
the case at any time if the Court determines that the allegation

1

of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Local Rule 8-204 provides:

> When an affirmative allegation of jurisdiction is required pursuant to Fed. R. Civ. P. 8(a)(1), it (i) shall appear as the first allegation of any complaint, petition, counterclaim, cross-claim or third party claim; (ii) shall be styled "Jurisdiction," (iii) shall state the claimed statutory or other basis of federal jurisdiction, and (iv) shall state the facts supporting such jurisdictional claim.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff's complaint states the following:

> I am appealing the two denial decision of the appellant courts because I am unable to work due to injuries to my back. I would like the courts to retroact my disability claim to 9/3/04.

It thus appears that the relief Plaintiff seeks is review of a denial, or two denials, of a disability claim relating to back

1 injuries, and retroactive disability benefits to September 3,

2 2004.

3     However, the complaint is lacking important information.

4     III. <u>Jurisdictional Allegations</u>

5     Rule 8(a) requires a short and plain statement of the

6 grounds upon which the Court's jurisdiction depends. Plaintiff

7 names "Social Security" as the Defendant and thus clearly appears

8 to be seeking review of a decision by the Commissioner of Social

9 Security in which benefits relating to disability were denied.

10     The Court would have jurisdiction pursuant to 42 U.S.C. §

11 405(g), which provides in pertinent part:

12       Any individual, after any final decision of
          the Commissioner of Social Security made after
13        a hearing to which he was a party, irrespective
          of the amount in controversy, may obtain a review
14        of such decision by a civil action commenced within
          sixty days after the mailing to him of notice of
15        such decision or within such further time as the
          Commissioner of Social Security may allow. Such
16        action shall be brought in the district court of
          the United States for the judicial district in which
17        the plaintiff resides, or has his principal place
          of business, or, if he does not reside or have his
18        principal place of business within any such judicial
          district, in the United States District Court for
19        the District of Columbia....The court shall have power
          to enter, upon the pleadings and transcript of the
20        record, a judgment affirming, modifying, or reversing
          the decision of the Commissioner of Social Security,
21        with or without remanding the cause for a rehearing.

22     Here, however, Plaintiff has failed to state the facts upon

23 which jurisdiction depends; Plaintiff has not clearly stated that

24 it was the Commissioner of Social Security who made a final

25 decision that denied him benefits. The Court will infer that by

26 indicating his Corcoran address on the complaint, Plaintiff is

27 alleging that he resides within the Eastern District of

28 California. However, Plaintiff has not alleged that a final

                                3

1  <u>administrative</u> decision was made in his case; rather, he refers

2  to two decisions of the appellate <u>courts</u>.

3      Further, Plaintiff has not identified the name of the

4  administrative proceeding or the date of the decision or of the

5  date upon which notice of the decision was mailed.

6      Because of this, the complaint is not clear enough to inform

7  the Defendant of which decision it is that Plaintiff seeks this

8  Court to review. Further, it is not clear that this Court has

9  jurisdiction to hear this case.

10      IV. <u>Social Security Number</u>

11      Local Rules of Practice of the United States District Court,

12  Eastern District of California, Rule 8-206, provides in pertinent

13  part:

14      Complaints under Titles II, XVI, and XVIII of the
        Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3),
15      and 1395ff... shall contain the following information
        in addition to the matters otherwise required by the
16      Federal Rules of Civil Procedure and Local Rules:

17      (1) In actions involving claims for retirement,
        survivors, disability, health insurance and
18      black lung benefits, the last four digits of
        social security number of the worker on whose wage
19      record the application for benefits was filed
        (who may or may not be the plaintiff), or

20
        (2) In actions involving claims for supplemental
21      security income benefits, the last four digits of
        social security number of the plaintiff.
22
    It is possible that Plaintiff is seeking benefits that come
23
    within this rule and that Plaintiff's complaint should contain
24
    the last four digits of his social security number.
25
        V. <u>Proper Defendant</u>
26
        The proper defendant in an action pursuant to 42 U.S.C. §
27
    405(g) is the Commissioner of Social Security, who is presently
28

1  Michael J. Astrue. 42 U.S.C. § 405(g) (referring to the

2  "Commissioner's answer"); Butler v. Apfel, 144 F.3d 622, 624 (9th

3  Cir. 1998). Plaintiff has named "Social Security" instead of

4  Michael J. Astrue, Commissioner of Social Security.

5      VI. Lack of Signature on the Complaint

6      Plaintiff's complaint lacks a signature.

7      Fed. R. Civ. P. 11(a) requires that every paper filed in an

8  action shall be signed by the attorney of record or by the party

9  if not represented by an attorney; an unsigned paper shall be

10  stricken unless omission of the signature is corrected promptly

11  after being called to the attention of the attorney or party.

12  Further, Local Rule 7-131(b) provides that all pleadings and non-

13  evidentiary documents shall be signed by the individual attorney

14  for the party presenting them or by the party involved if that

15  party is appearing in propria persona. Further, the name of the

16  person signing the document shall be typed underneath the

17  signature.

18      The Court could strike Plaintiff's complaint. However, in

19  the interest of the efficient administration of justice, the

20  Court hereby notifies Plaintiff of the defect; Plaintiff will be

21  given leave to file an amended complaint, and if Plaintiff does

22  file an amended complaint, it must bear Plaintiff's signature. If

23  an amended complaint is filed without a signature, then the Court

24  may strike both the original and the amended complaint.

25      VII. Leave to Amend the Complaint

26      If the Court determines that a complaint fails to state a

27  claim, leave to amend should be granted to the extent that the

28  deficiencies of the complaint can be cured by amendment. Lopez v.

1  Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint,
2  or a portion thereof, should only be dismissed for failure to
3  state a claim upon which relief may be granted if it appears
4  beyond doubt that the Plaintiff can prove no set of facts,
5  consistent with the allegations, in support of the claim or
6  claims that would entitle him to relief. See Hishon v. King &
7  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355
8  U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log
9  Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).
10 Dismissal of a pro se complaint for failure to state a claim is
11 proper only where it is obvious that the Plaintiff cannot prevail
12 on the facts that he has alleged and that an opportunity to amend
13 would be futile. Lopez v. Smith, 203 F.3d at 1128.

14      In summary, the Court finds it necessary to dismiss the
15 complaint in its entirety. By not adequately identifying the
16 decision, not stating the last four digits of his Social Security
17 number, and not naming the Commissioner as the Defendant,
18 Plaintiff has failed to state a cognizable claim against a proper
19 defendant and has failed to plead facts demonstrating
20 jurisdiction in this Court.

21      However, it is possible that Plaintiff can allege a set of
22 facts, consistent with the allegations, in support of the claim
23 or claims that would entitle Plaintiff to relief. Thus, the Court
24 will grant Plaintiff an opportunity to amend the complaint to
25 cure the deficiencies of this complaint by stating the necessary
26 information. Failure to cure the deficiencies will result in
27 dismissal of this action without leave to amend.

28      In addition, Plaintiff is informed that the Court cannot

1    refer to a prior pleading in order to make Plaintiff's amended
2    complaint complete. Local Rule 15-220 requires that an amended
3    complaint be complete in itself without reference to any prior
4    pleading. This is because, as a general rule, an amended
5    complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>,
6    375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended
7    complaint, the original pleading no longer serves any function in
8    the case. Therefore, in an amended complaint, as in an original
9    complaint, each claim and the involvement of each defendant must
10   be sufficiently alleged.

11       Accordingly, it IS ORDERED that

12       1) Plaintiff's application to proceed in forma pauperis IS
13   GRANTED; and

14       2) Plaintiff's complaint IS DISMISSED with leave to amend;
15   and

16       3) Plaintiff IS GRANTED thirty days from the date of service
17   of this order to file an amended complaint that complies with the
18   requirements of the pertinent substantive law, the Federal Rules
19   of Civil Procedure, and the Local Rules of Practice; the amended
20   complaint must bear the docket number assigned this case and must
21   be labeled "First Amended Complaint"; failure to file an amended
22   complaint in accordance with this order will be considered to be
23   a failure to comply with an order of the Court pursuant to Local
24   Rule 11-110 and will result in dismissal of this action.
25   IT IS SO ORDERED.

26   **Dated:    October 11, 2007**                _/s/ **Sandra M. Snyder**_
                                          UNITED STATES MAGISTRATE JUDGE
27

28

                                   7