UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SEGUNDO T. URIAS, JR., | ) | 1:07-cv-01444-SMS |
| Plaintiff, | ) | |
| v. | ) | **INFORMATIONAL ORDER** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff, referred to as "Appellant" in the course of this proceeding, is proceeding pro se in an action seeking judicial review of an administrative decision of the Commissioner of Social Security that denied, in whole or in part, his claim for benefits under the Social Security Act.

On October 4, 2008, plaintiff filed a complaint (Doc. 1). On October 12, 2007, the Court granted plaintiff's application for leave to proceed in forma pauperis (Doc. 2), and dismissed plaintiff's complaint with leave to file an amended complaint (Doc. 3). On October 24, 2007, plaintiff filed a first amended complaint (Doc. 4). On March 11, 2008, the Court's standard Scheduling Order was issued (Doc. 13).

1

**This order simply provides the following information for pro se litigants. The Court strongly suggests Appellant keep this order readily handy for future reference**.

I.   <u>Service of the Complaint</u>

Service was completed by the United States Marshals Service upon Defendant, referred to as "Respondent" in the course of this proceeding, on January 18, 2008, and proof of service was filed on January 25, 2008 (Doc. 8).

II.   <u>Attempt at Informal Resolution of the Case</u>

Pursuant to the Scheduling Order, page 2, No. 2, within **one hundred twenty (120) days** after service of the complaint, Respondent is required to serve a copy of the administrative record on Appellant and file the administrative record with the Court, which serves as the answer to the complaint in this proceeding.  On May 20, 2008, Respondent filed notice of lodging social security administrative transcript with the court (Doc. 17).

Once the administrative record has been filed, the parties must try to resolve the case informally. <u>The time frame within which this process takes place has passed and is currently MOOT</u>.  However, for <u>Appellant's information only</u>, in this process the parties exchange informal briefs in the form of letters about the case to see if they can agree that the case should be sent back, or "remanded," to the Social Security Administration for a further hearing by an administrative law judge. Appellant's letter brief (1) must have been served on Respondent no later than **thirty (30) days** after Respondent served Appellant with the administrative record, **or by June 20, 2008,** (2) should be marked

2

1  "Confidential Letter Brief;" and, (3) should <u>not</u> be filed with
2  the Court.  Therein, Appellant must briefly set forth the issues
3  in the case, the reasons why Appellant thinks that he is entitled
4  to Social Security benefits, and why the decision to deny
5  benefits should be remanded.
6      Respondent's confidential letter brief must have been
7  served on Appellant no later than **thirty-five (35) days** after
8  Respondent is served with Appellant's confidential letter brief.
9      If the parties were to agree on a remand, then the case
10 would go back to the Social Security Administration before any
11 formal briefs are filed with the Court and without the Court ever
12 considering the merits of the case.  The parties' agreement to
13 remand the case must be in writing in a document titled
14 "stipulation," which must have been signed and filed with the
15 Court no later than **fifteen (15) days** after Respondent served its
16 confidential letter brief on Appellant.
17     The informal letter briefs exchanged by the parties are
18 confidential in the sense that they are not filed with the Court.
19 If the parties are unable to agree to a remand, the letters are
20 not part of the case file and thus are not before the Court if
21 and when the Court finally considers the case on the merits.
22    III. <u>Briefs</u>
23     If after exchanging letters the parties are unable to
24 agree to a remand of the case, then the parties must submit
25 formal briefs to the Court as directed in the Scheduling Order,
26 page 2, Nos. 6-8.  It is only after the briefs are filed that the
27 Court will consider the merits of the case and make a decision.
28 //

A.   Appellant's Opening Brief

Appellant's opening brief must be filed and served no later than **thirty (30) days** from the date Respondent's informal letter brief was served on Appellant; or, in this particular instance, no later than **ninety-five (95) days** from the date Respondent filed the administrative record, **or by August 25, 2008**. Appellant must serve a copy of his opening brief on the United States Attorney for the Eastern District of California by either hand-delivery or mailing it to:

> United States Attorney
> Eastern District of California
> United States Attorney's Office
> Civil Process Clerk
> 2500 Tulare Street, Suite 4401
> Fresno, CA 93721

Appellant must also file his original opening brief, together with a copy, with the Court, which means that the original and copy must be either hand-delivered or mailed to:

> Office of the Clerk
> United States District Court
> Eastern District of California
> 2500 Tulare Street, Suite 1501
> Fresno, CA 93721

Appellant's opening brief must contain the following parts:

(1) a plain description of Appellant's alleged physical or emotional impairments, when Appellant contends they became disabling, and how they disabled Appellant from work;

(2) a summary of the administrative proceedings before the Social Security Administration;

(3) a summary of the relevant testimony at the administrative hearing;

//

4

(4) a summary of all relevant medical evidence, including an explanation of the significance of clinical and laboratory findings and the purpose and effect of prescribed medication and therapy;

(5) a recitation of the Social Security Administration's findings and conclusions relevant to Appellant's claims;

(6) a short, separate statement of each of Appellant's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance on an erroneous legal standard; and,

(7) argument separately addressing each claimed error.

All references to the administrative record and all assertions of fact must be accompanied by citations to the administrative record.  Argument in support of each claim of error must be supported by citation to legal authority and explanation of the application of such authority to the facts of the particular case.  <u>Briefs that do not substantially comply with these requirements will be stricken</u>.  A document that is stricken becomes a nullity and is not considered by the Court for any purposes.

<u>Appellant is further advised that failure to timely file an opening brief could result in dismissal of the action</u>.

B.   <u>Respondent's Brief</u>

Pursuant to the Scheduling Order, page 2, No. 7, Respondent's responsive brief is due filed and served no later than **thirty (30) days** after service of Appellant's opening brief.

//

5

C.  <u>Appellant's Reply Brief</u>

Pursuant to the Scheduling Order, page 2, No. 8, Appellant may file a reply brief, but is not required to do so, no later than **fifteen (15) days** from the date Respondent served its responsive brief on Appellant.  Appellant must serve a copy of the reply brief on Respondent by serving the United States Attorney for the Eastern District of California at the address for the United States Attorney noted above.  Appellant must also file the original reply brief, together with a copy, with the Court at the Court's address noted above.

Appellant's reply brief should respond to the arguments made in Respondent's responsive brief.

In short, the following is a summary of the schedule of events which the parties must comply with in order to prepare this matter for decision by the Court, and which allows for all calculations pursuant to the court's standard Scheduling Order:

| **ACTION** | **DUE** |
|---|---|
| Service | 20 days after complaint filed |
| Administrative Record | 120 days after service of complaint |
| Appellant's Opening Brief | 95 days after administrative record lodged |
| Respondent's Brief | 30 days after Appellant's Opening Brief |
| Appellant's Reply Brief-*optional* | 15 days after Respondent's brief |

IV.  <u>The Court's Decision on the Merits</u>

The Court will consider the merits of the case only after all briefs have been filed, and may enter a judgment affirming, modifying, or reversing the determination of the Social Security Administration.  The Court may or may not remand

6

the case to the Social Security Administration for a further hearing.

V. <u>Rules for Litigating the Action</u>

Appellant is reminded of the following:

A.  In litigating this action, the parties must comply with the Federal Rules of Civil Procedure (Fed. R. Civ. P.), and the Local Rules of the United States District Court, Eastern District of California (Local Rules).  A copy of the Local Rules may be obtained in the Clerk's Office.

Local Rule 8-206 is a special rule for social security actions.  Specifically (a)(2) and (3) generally states that complaints shall contain the last four digits of Appellant's social security number only, i.e., XXX-XX-1234, and that Appellant shall privately disclose to Respondent, within **five (5) days** after a request is made to Appellant, the full social security number of Appellant.  Therefore, Appellant shall refrain from disclosing his entire social security number on any filings.

<u>FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL RULES, OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR DISMISSAL OR OTHER APPROPRIATE SANCTIONS</u>.  <u>See</u> Local Rule 11-110; Fed. R. Civ. P. 41(b).

B.  Documents intended to be filed with the Court must be mailed to the Clerk of the Court.  <u>See</u> Local Rule 5-134(a).  <u>All documents improperly mailed directly to a judge's chambers will be stricken from the record</u>.  A document requesting a court order must be styled as a motion, not a letter.  <u>See</u> Fed. R. Civ. P. 7.

//

7

C. Each document submitted for filing must include the original signature of the filing party or parties. Local Rule 7-131; Fed. R. Civ. P. 11(a). <u>All documents submitted without the required signature(s) will be stricken</u>. Each separate document must be separately stapled. <u>See</u> Local Rule 7-130. If a document is stapled behind another document, it will not be filed and will not enter the court docket.

D. All documents filed with the Court must be submitted with an additional legible conformed copy for the Court's use. <u>See</u> Local Rule 5-134(b). <u>A document submitted without an extra copy for the Court's use will be stricken</u>. If the filing party wishes the Court to return a file-stamped copy, he must include an additional copy for that purpose (i.e., submit an original and two copies, one for the Court's use and one to be returned), together with a self-addressed, stamped envelope. <u>The Court cannot provide copy or mailing service for a party, even for an indigent Appellant proceeding in forma pauperis</u>. Copies of documents from the Court's file may be obtained at the cost of fifty ($.50) cents per page.

E. After any Respondents have appeared in an action by filing a pleading responsive to the complaint (i.e., an answer or a motion to dismiss), all documents filed with the Court must include a certificate of service stating that a copy of the document was served on the opposing party. *See* 28 U.S.C. § 1746; F.R.Civ.P. 5; Local Rule 5-135. **A document submitted without the required proof of service will be stricken**. Where a party is represented by counsel, service on the party's attorney of record constitutes effective service.

8

F. A pro se party has an affirmative duty to keep the Court and opposing parties apprised of his address. If Appellant moves and fails to file a notice of change of address, service of court orders at Appellant's prior address shall constitute effective notice. See Local Rule 83-182(d). If mail directed to Appellant is returned by the United States Postal Service as undeliverable, the Court will not attempt to re-mail it. <u>If Appellant's address is not updated, in writing, within **sixty (60) days** of mail being returned, the action will be dismissed for failure to prosecute</u>. See Local Rule 83-183(b).

IT IS SO ORDERED.

**Dated:   September 18, 2008**              /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE