UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEGUNDO T. URIAS, JR., | 1:07-cv-01444-SMS |
| Plaintiff, | **ORDER DISMISSING ENTIRE ACTION FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE** (Doc. 23) |
| vs. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff is proceeding pro se and in forma pauperis with an action seeking judicial review of an administrative decision of the Commissioner of Social Security that denied, in whole or in part, his claim for benefits under the Social Security Act. The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1) (Docs. 9 & 11), and the case has been assigned to the Magistrate Judge to conduct all further proceedings, including the entry of a final judgment (Doc. 12).

I.  Procedural History

On October 4, 2007, plaintiff filed his complaint (Doc. 1). The Court's standard Scheduling Order (Doc. 13), issued on March 11, 2008, directs plaintiff to file an opening brief ninety-five (95) days after the defendant files the administrative record, which serves as the answer to the

1

complaint in this proceeding.  On May 20, 2007, defendant filed notice of lodging the administrative record (Doc. 17).  Thus, plaintiff's opening brief was due filed and served by August 25, 2008, which plaintiff failed to do.  As a result, an order for plaintiff to personally appear in court on September 19, 2008 and show cause why this action should not be dismissed for failure to file an opening brief and for lack of prosecution was issued on September 8, 2008 (Doc. 20).  Plaintiff personally appeared in court on September 19, 2008.  Special Assistant United States Attorney Eric Chinn appeared telephonically on behalf of defendant.  Plaintiff explained his efforts to find counsel.  The Court explained that the case must proceed regardless of whether or not plaintiff could obtain counsel; explained the nature and contents of an opening brief; noted that a significant amount of time has passed since the original due date of August 25, 2008 for filing the opening brief; gave plaintiff one last opportunity, to and through November 14, 2008, to file an opening brief, with or without the assistance of counsel; reminded plaintiff that a failure to comply with an order of the Court may result in sanctions, including dismissal of the action; and, warned plaintiff that if he again fails to file an opening brief, the Court will have no alternative but to dismiss the case outright for plaintiff's failure to comply with an order of the Court and for failure to prosecute.

On November 18, 2008, defendant filed a status report advising that plaintiff has neither served a confidential letter brief upon defendant nor filed and served an opening brief upon defendant by the November 14, 2008 deadline per court order.

II. <u>Discussion</u>

Local Rule 11-110 provides that "...failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions...within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate...dismissal of a case." <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. <u>See</u>, <u>e.g</u>. <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

3

1  prejudice to the defendants; (4) the public policy favoring
2  disposition of cases on their merits; and, (5) the availability
3  of less drastic alternatives.  Thompson, 782 F.2d at 831;
4  Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik,
5  963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.
6         In this case, the Court finds that the public's
7  interest in expeditiously resolving this litigation and the
8  Court's interest in managing the docket weigh in favor of
9  dismissal.  The third factor, risk of prejudice to defendants,
10 also weighs in favor of dismissal, since a presumption of injury
11 arises from the occurrence of unreasonable delay in prosecuting
12 an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.
13 1976).  The fourth factor, public policy favoring disposition of
14 cases on their merits, is greatly outweighed by the factors in
15 favor of dismissal discussed herein.  Finally, a court's warning
16 to a party that failure to obey the court's order may result in
17 dismissal satisfies the "consideration of alternatives"
18 requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833
19 at 132-33; Henderson, 779 F.2d at 1424.
20        Accordingly, it is HEREBY ORDERED that this action is
21 DISMISSED in its entirety for plaintiff's failure to comply with
22 an order of the Court and for failure to prosecute.
23 IT IS SO ORDERED.
24 **Dated:   November 19, 2008            /s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE